UNITED STATES DISTRICT COURT

DISTRICT OF NEW JERSEY

Civil Action No. 08-2571

In Regard to the Matter of:

Bayside State Prison   OPINION/REPORT
Litigation                OF THE
                       SPECIAL MASTER

MICHAEL WASHINGTON

-vs-

WILLIAM H. FAUVER, et al,

Defendants.

\* \* \* \*

TUESDAY, OCTOBER 28, 2008

\* \* \* \*

BEFORE THE HONORABLE JOHN W. BISSELL, SPECIAL MASTER

```
 1
 2
 3
 4            Transcript of proceedings in the above
 5   matter taken by Theresa O. Mastroianni, Certified
 6   Court Reporter, license number 30XI00085700, and
 7   Notary Public of the State of New Jersey at the
 8   United States District Court House, One Gerry Plaza,
 9   Camden, New Jersey, 08102, commencing at 2:30 PM.
10
11
12
13
14
15
16
17
18
19
20            MASTROIANNI & FORMAROLI, INC.
21        Certified Court Reporting & Videoconferencing
22               251 South White Horse Pike
23                 Audubon, New Jersey 08106
24                      856-546-1100
25
```

```
 1
 2    A P P E A R A N C E S:
 3
 4
          JAIME KAIGH, ESQUIRE
 5        32 NORTH BLACK HORSE PIKE
          BLACKWOOD, NEW JERSEY   08012
 6        856-232-3337
          856-232-4561
 7        ATTORNEYS FOR THE PLAINTIFFS
 8
 9
          RODNEY D. RAY, ESQUIRE
10        32 NORTH BLACK HORSE PIKE
          BLACKWOOD, NEW JERSEY   08012
11        856-232-3337
          856-232-4561
12        ATTORNEYS FOR THE PLAINTIFFS
13
14
          ROSELLI & GRIEGEL, PC
15        BY:  MARK ROSELLI, ESQUIRE
               - and -
16        BY:  JAMES LAZZARO ESQUIRE
          1337 STATE HIGHWAY 33
17        HAMILTON SQUARE, NEW JERSEY   08690
          609-586-2257
18        ATTORNEYS FOR THE DEFENDANTS
19
20
21
22
23
24
25
```

1    JUDGE BISSELL:  The first of these
2    matters is the case involving Michael Washington,
3    08-2571.  This opinion/report is being issued
4    pursuant to the directives of the Order of Reference
5    to a Special Master and the Special Master's
6    Agreement, and the guiding principles of law which
7    underlie this decision to be applied to the facts
8    upon which it is based as set forth in the jury
9    instructions in the Walker and Mejias jury charges.
10   And also in this case to prior decisions of the court
11   including those reflected in Judge Kugler's Biaz
12   opinion regarding exhaustion of available
13   administrative remedies to the extent applicable to
14   the allegations of Mr. Washington.
15            As finalized after review under Local
16   Civil Rule 52.1, this transcript will constitute the
17   written report under paragraph seven of the Order of
18   Reference to a Special Master.
19            Because I find that this case is barred
20   by Mr. Washington's failure to exhaust available
21   administrative remedies within the comtemplation of
22   the PLRA, I'm not going to dwell at length on the
23   substance of his claim.  I do note briefly, however,
24   in order to make a complete record, that I do find
25   that, absent failure to exhaust, he would have

1   prevailed in connection with his claim for the use of
2   excessive force.
3            I find that the evidence regarding how
4   he was treated in his bunk, and I need not go into it
5   in any great detail, is that appropriate discipline
6   was employed in the sense of lifting up his arm or
7   elbow as a means of making sure that he obeyed orders
8   in terms of lying on his bunk, facing the wall.  That
9   amount of force was reasonable and appropriate.
10           However, for him then to have been
11  kicked in the back was indeed the employment of
12  excessive force not only, in fact, as far as its
13  absolute lack of necessity for the purpose of
14  enforcing the orders of the officers, but also as a
15  matter of law, as that term has been well defined in
16  the jury instructions which we've incorporated by
17  reference.
18           Now, on September 12th decision was
19  reserved in this matter with regard to Mr.
20  Washington, because I wanted to study the record
21  fully regarding the presence of an administrative
22  procedure remedy at East Jersey State Prison.  Judge
23  Kugler's prior decisions had not dealt with that
24  facility specifically, and thus I wanted, as I said,
25  to take a more detailed study of the record.

1          I deal first with the question of the
2    so-called fear factor as to whether or not to file an
3    administrative remedy form, and if that fear is
4    genuine and soundly based, whether it could be said
5    that under those circumstances the remedy or
6    administrative remedy was not, in fact, available
7    within the comtemplation of the statute.  I'm
8    prepared to accept that in an appropriate case,
9    whether we are dealing with remedy procedures at
10   Bayside or with procedures present at other
11   institutions that could have been relayed and applied
12   to a Bayside incident, there could be circumstances
13   where that type of fear, particularly if the record
14   showed direct instigation or threats by prison
15   authorities, could excuse the filing and seeking of
16   administrative remedies.  However, in Mr.
17   Washington's case and on these facts, I find that
18   that is absent.
19         First, I find that it is not credible
20   for him to express or allege any fear of the filing
21   of an ARF at Bayside, because evidence in the record
22   reveals that he reported both his injury and the
23   cause of it to personnel at the infirmary.  If indeed
24   there is any fear of retaliation from the processing
25   or presentation of such complaints, that argument it

1   seems to me is pretty much gutted, at least in this
2   case, by the fact that he made those protestations
3   and direct attributions to medical personnel.  So
4   that he has not established, in my view, any adequate
5   basis for fear of retaliation had he pursued the
6   administrative remedies available to him while he was
7   at Bayside.
8              Furthermore, he was later transferred
9   to East Jersey State Prison and testified that he
10  felt safer there.  Therefore, he was in a position to
11  pursue and file administrative remedy forms at East
12  Jersey.  It was stipulated here that if called, an
13  administrative witness familiar with the
14  circumstances at East Jersey would have testified
15  that, under the policy present in the East Jersey
16  handbook, which was introduced here into evidence as
17  Exhibit D-392, and known to all inmates there, the
18  execution of an administrative remedy there regarding
19  an incident at Bayside would have been relayed to
20  authorities that could have investigated it as a
21  Bayside offense.
22             Now, the actual administrative remedy
23  terms appearing at page 24 on Exhibit 392 do not
24  expressly state that that remedy could be employed
25  regarding grievances at other institutions.  But it

1   doesn't preclude them either, and we've had some

2   examples of evidence in this record as it's evolved

3   over time to indicate that in some instances an

4   institution makes it quite clear that its

5   administrative remedy procedures are available only

6   for incidents at that facility.  There is no such

7   limitation here in the East Jersey State Prison

8   handbook.

9              Indeed as Judge Kugler found in his

10  Biaz opinion dated May 19th of 2008, it's the Bayside

11  handbook which states specifically that complaints

12  not relevant to conditions within the jurisdiction of

13  Bayside State Prison or that do not affect the

14  complaintant personally shall not be considered.  So,

15  there is a place where the handbook does have those

16  limits.  Judge Kugler found that there were no such

17  limitations at either Northern State or New Jersey

18  State Prisions, and I've determined here that

19  similarly there were no such limitations at East

20  Jersey.

21             I find, therefore, that the remedy was

22  available to Mr. Washington, not only at Bayside as I

23  mentioned before, but also when he was at East

24  Jersey, and that he failed to take advantage of it in

25  either situation or either setting.

1    Also as I brought to everybody's
2    attention in the Thurston case, but in order to
3    complete the record here, it's been determined that
4    September of 1999 essentially marks the demarcation
5    line, shall we say, for the exercise of
6    administrative remedies, there being as best I recall
7    a fourth amended complaint filed at that time, prior
8    to which administrative remedies would have to be
9    exercised in order for an exhaustion argument not to
10   be raised.  And as I already mentioned, Mr.
11   Washington had opportunities both at Bayside and at
12   East Jersey State Prison leading up to that date.
13            In fact, he was incarcerated at East
14   Jersey from and after April 22, 1999, according to
15   the records here.  Indeed, he was even back at
16   Bayside for a couple of months between February and
17   April of 1999, long after the events in question.
18            Accordingly, for the reasons set forth
19   above, I make the determination in this case that as
20   to Mr. Washington, the requirement to exhaust
21   administrative remedies as required by statute 42USC,
22   Section 1997(e)(a) has not been complied with by this
23   prisoner.  He did not exhaust such administrative
24   remedies as were available to him at the relevant
25   places and the relevant time period in this matter.

1    Finally, although not every item of
2  evidence has been discussed in this opinion/report,
3  that is predominantly because, as I've mentioned
4  before, in light of the bar of the exhaustion
5  doctrine here, I did not find it necessary to develop
6  in great detail findings of fact or conclusions of
7  law with regard to Mr. Washington's substantive
8  allegations.  I did note, for purposes of generating
9  a complete record here, that, had his claim not been
10 barred by doctrine, he would have sustained his cause
11 of action.  I do not, however, undertake the
12 hypothetical exercise at this time of calculating
13 damages that might have ensued.
14          Accordingly, I recommend in this report
15 that the District Court enter an order and judgment
16 of no cause for action against Mr. Washington.
17
18
19
20
21
22
23
24
25

1          C E R T I F I C A T E

2

3          I, Theresa O. Mastroianni, a Notary Public and

4   Certified Shorthand Reporter of the State of New

5   Jersey, do hereby certify that the foregoing is a

6   true and accurate transcript of the testimony as

7   taken stenographically by and before me at the time,

8   place, and on the date hereinbefore set forth.

9          I DO FURTHER CERTIFY that I am neither a

10  relative nor employee nor attorney nor counsel of any

11  of the parties to this action, and that I am neither

12  a relative nor employee of such attorney or counsel,

13  and that I am not financially interested in the

14  action.

15

16

17

18

19         *Jo Mastroianni*
           Theresa O. Mastroianni, C.S.R.

20         Notary Public, State of New Jersey

           My Commission Expires May 5, 2010

21         Certificate No. XI0857

           Date:   October 28, 2008

22

23

24

25

**A**
absent 4:25 6:18
absolute 5:13
accept 6:8
accurate 11:6
action 1:2 10:11
　10:16 11:11,14
actual 7:22
adequate 7:4
administrative
　4:13,21 5:21
　6:3,6,16 7:6,11
　7:13,18,22 8:5
　9:6,8,21,23
advantage 8:24
affect 8:13
Agreement 4:6
al 1:9
allegations 4:14
　10:8
allege 6:20
amended 9:7
amount 5:9
appearing 7:23
applicable 4:13
applied 4:7 6:11
appropriate 5:5
　5:9 6:8
April 9:14,17
ARF 6:21
argument 6:25
　9:9
arm 5:6
attention 9:2
attorney 11:10
　11:12
ATTORNEYS
　3:7,12,18
attributions 7:3
Audubon 2:23
authorities 6:15
　7:20
available 4:12
　4:20 6:6 7:6
　8:5,22 9:24

**B**
back 5:11 9:15
bar 10:4
barred 4:19
　10:10
based 4:8 6:4
basis 7:5
Bayside 1:6 6:10
　6:12,21 7:7,19
　7:21 8:10,13
　8:22 9:11,16
best 9:6
Biaz 4:11 8:10
BISSELL 1:21
　4:1
BLACK 3:5,10
BLACKWOOD
　3:5,10
briefly 4:23
brought 9:1
bunk 5:4,8

**C**
C 3:2 11:1,1
calculating
　10:12
called 7:12
Camden 2:9
case 4:2,10,19
　6:8,17 7:2 9:2
　9:19
cause 6:23 10:10
　10:16
Certificate
　11:21
Certified 2:5,21
　11:4
certify 11:5,9
charges 4:9
circumstances
　6:5,12 7:14
Civil 1:2 4:16
claim 4:23 5:1
　10:9
clear 8:4
commencing 2:9

Commission
　11:20
complaint 9:7
complaintant
　8:14
complaints 6:25
　8:11
complete 4:24
　9:3 10:9
complied 9:22
comtemplation
　4:21 6:7
conclusions 10:6
conditions 8:12
connection 5:1
considered 8:14
constitute 4:16
counsel 11:10,12
couple 9:16
court 1:1 2:6,8
　2:21 4:10
　10:15
credible 6:19
C.S.R 11:19

**D**
D 3:9
damages 10:13
date 9:12 11:8
　11:21
dated 8:10
deal 6:1
dealing 6:9
dealt 5:23
decision 4:7 5:18
decisions 4:10
　5:23
Defendants 1:10
　3:18
defined 5:15
demarcation 9:4
detail 5:5 10:6
detailed 5:25
determination
　9:19
determined 8:18

9:3
develop 10:5
direct 6:14 7:3
directives 4:4
discipline 5:5
discussed 10:2
District 1:1,1 2:8
　10:15
doctrine 10:5,10
dwell 4:22
D-392 7:17

**E**
E 3:2,2 11:1,1
East 5:22 7:9,11
　7:14,15 8:7,19
　8:23 9:12,13
either 8:1,17,25
　8:25
elbow 5:7
employed 5:6
　7:24
employee 11:10
　11:12
employment
　5:11
enforcing 5:14
ensued 10:13
enter 10:15
ESQUIRE 3:4,9
　3:15,16
essentially 9:4
established 7:4
et 1:9
events 9:17
everybody's 9:1
evidence 5:3
　6:21 7:16 8:2
　10:2
evolved 8:2
examples 8:2
excessive 5:2,12
excuse 6:15
execution 7:18
exercise 9:5
　10:12

exercised 9:9
exhaust 4:20,25
　9:20,23
exhaustion 4:12
　9:9 10:4
Exhibit 7:17,23
Expires 11:20
express 6:20
expressly 7:24
extent 4:13

**F**
F 11:1
facility 5:24 8:6
facing 5:8
fact 5:12 6:6 7:2
　9:13 10:6
factor 6:2
facts 4:7 6:17
failed 8:24
failure 4:20,25
familiar 7:13
far 5:12
FAUVER 1:9
fear 6:2,3,13,20
　6:24 7:5
February 9:16
felt 7:10
file 6:2 7:11
filed 9:7
filing 6:15,20
finalized 4:15
Finally 10:1
financially
　11:13
find 4:19,24 5:3
　6:17,19 8:21
　10:5
findings 10:6
first 4:1 6:1,19
force 5:2,9,12
foregoing 11:5
form 6:3
FORMAROLI
　2:20
forms 7:11

forth 4:8 9:18 11:8
found 8:9,16
fourth 9:7
fully 5:21
FURTHER 11:9
Furthermore 7:8

**G**
generating 10:8
genuine 6:4
Gerry 2:8
go 5:4
going 4:22
great 5:5 10:6
GRIEGEL 3:14
grievances 7:25
guiding 4:6
gutted 7:1

**H**
H 1:9
HAMILTON 3:17
handbook 7:16 8:8,11,15
hereinbefore 11:8
HIGHWAY 3:16
HONORABLE 1:21
Horse 2:22 3:5 3:10
House 2:8
hypothetical 10:12

**I**
incarcerated 9:13
incident 6:12 7:19
incidents 8:6
including 4:11

incorporated 5:16
indicate 8:3
infirmary 6:23
injury 6:22
inmates 7:17
instances 8:3
instigation 6:14
institution 8:4
institutions 6:11 7:25
instructions 4:9 5:16
interested 11:13
introduced 7:16
investigated 7:20
involving 4:2
issued 4:3
item 10:1

**J**
JAIME 3:4
JAMES 3:16
Jersey 1:1 2:7,9 2:23 3:5,10,17 5:22 7:9,12,14 7:15 8:7,17,20 8:24 9:12,14 11:5,20
JOHN 1:21
Judge 4:1,11 5:22 8:9,16
judgment 10:15
jurisdiction 8:12
jury 4:8,9 5:16

**K**
KAIGH 3:4
kicked 5:11
known 7:17
Kugler 8:9,16
Kugler's 4:11 5:23

**L**

lack 5:13
law 4:6 5:15 10:7
LAZZARO 3:16
leading 9:12
length 4:22
license 2:6
lifting 5:6
light 10:4
limitation 8:7
limitations 8:17 8:19
limits 8:16
line 9:5
Litigation 1:6
Local 4:15
long 9:17
lying 5:8

**M**
making 5:7
MARK 3:15
marks 9:4
Master 1:7,21 4:5,18
Master's 4:5
Mastroianni 2:5 2:20 11:3,19
matter 1:5 2:5 5:15,19 9:25
matters 4:2
means 5:7
medical 7:3
Mejias 4:9
mentioned 8:23 9:10 10:3
Michael 1:7 4:2
months 9:16

**N**
N 3:2
necessary 10:5
necessity 5:13
need 5:4
neither 11:9,11
New 1:1 2:7,9,23

3:5,10,17 8:17 11:4,20
NORTH 3:5,10
Northern 8:17
Notary 2:7 11:3 11:20
note 4:23 10:8
number 2:6

**O**
O 2:5 11:3,19
obeyed 5:7
October 1:16 11:21
offense 7:21
officers 5:14
opinion 4:12 8:10
opinion/report 1:6 4:3 10:2
opportunities 9:11
order 4:4,17,24 9:2,9 10:15
orders 5:7,14

**P**
P 3:2,2
page 7:23
paragraph 4:17
particularly 6:13
parties 11:11
PC 3:14
period 9:25
personally 8:14
personnel 6:23 7:3
Pike 2:22 3:5,10
place 8:15 11:8
places 9:25
PLAINTIFFS 3:7,12
Plaza 2:8
PLRA 4:22
PM 2:9

policy 7:15
position 7:10
preclude 8:1
predominantly 10:3
prepared 6:8
presence 5:21
present 6:10 7:15
presentation 6:25
pretty 7:1
prevailed 5:1
principles 4:6
prior 4:10 5:23 9:7
Prisions 8:18
prison 1:6 5:22 6:14 7:9 8:7,13 9:12
prisoner 9:23
procedure 5:22
procedures 6:9 6:10 8:5
proceedings 2:4
processing 6:24
protestations 7:2
Public 2:7 11:3 11:20
purpose 5:13
purposes 10:8
pursuant 4:4
pursue 7:11
pursued 7:5

**Q**
question 6:1 9:17
quite 8:4

**R**
R 3:2 11:1
raised 9:10
RAY 3:9
reasonable 5:9

| | | | | |
|---|---|---|---|---|
| reasons 9:18 | S 3:2 | testimony 11:6 | **0** | 856-546-1100 |
| recall 9:6 | safer 7:10 | Theresa 2:5 11:3 | 08-2571 1:2 4:3 | 2:24 |
| recommend 10:14 | Section 9:22 | 11:19 | 08012 3:5,10 | |
| record 4:24 5:20 5:25 6:13,21 8:2 9:3 10:9 | seeking 6:15 | threats 6:14 | 08102 2:9 | |
| | sense 5:6 | Thurston 9:2 | 08106 2:23 | |
| | September 5:18 9:4 | time 8:3 9:7,25 10:12 11:7 | 08690 3:17 | |
| records 9:15 | set 4:8 9:18 11:8 | transcript 2:4 4:16 11:6 | **1** | |
| reference 4:4,18 5:17 | setting 8:25 | | 12th 5:18 | |
| | seven 4:17 | transferred 7:8 | 1337 3:16 | |
| reflected 4:11 | Shorthand 11:4 | treated 5:4 | 19th 8:10 | |
| regard 1:5 5:19 10:7 | showed 6:14 | true 11:6 | 1997(e)(a) 9:22 | |
| | similarly 8:19 | TUESDAY 1:16 | 1999 9:4,14,17 | |
| regarding 4:12 5:3,21 7:18,25 | situation 8:25 | type 6:13 | | |
| | soundly 6:4 | | **2** | |
| relative 11:10,12 | South 2:22 | **U** | 2:30 2:9 | |
| relayed 6:11 7:19 | so-called 6:2 | underlie 4:7 | 2008 1:16 8:10 11:21 | |
| | Special 1:7,21 4:5,5,18 | undertake 10:11 | | |
| relevant 8:12 9:24,25 | | United 1:1 2:8 | 2010 11:20 | |
| | specifically 5:24 8:11 | use 5:1 | 22 9:14 | |
| remedies 4:13 4:21 6:16 7:6 9:6,8,21,24 | | | 24 7:23 | |
| | SQUARE 3:17 | **V** | 251 2:22 | |
| | state 1:6 2:7 3:16 5:22 7:9 7:24 8:7,13,17 8:18 9:12 11:4 11:20 | Videoconfere... 2:21 | 28 1:16 11:21 | |
| remedy 5:22 6:3 6:5,6,9 7:11,18 7:22,24 8:5,21 | | view 7:4 | **3** | |
| | | vs 1:8 | 30X100085700 2:6 | |
| report 4:17 10:14 | | **W** | 32 3:5,10 | |
| | states 1:1 2:8 8:11 | W 1:21 | 33 3:16 | |
| reported 6:22 | | Walker 4:9 | 392 7:23 | |
| Reporter 2:6 11:4 | statute 6:7 9:21 | wall 5:8 | | |
| | stenographica... 11:7 | wanted 5:20,24 | **4** | |
| Reporting 2:21 | | Washington 1:7 4:2,14 5:20 8:22 9:11,20 10:16 | 42USC 9:21 | |
| required 9:21 | stipulated 7:12 | | | |
| requirement 9:20 | study 5:20,25 | | **5** | |
| | substance 4:23 | | 5 11:20 | |
| reserved 5:19 | substantive 10:7 | Washington's 4:20 6:17 10:7 | 52.1 4:16 | |
| retaliation 6:24 7:5 | sure 5:7 | | | |
| | sustained 10:10 | we've 5:16 8:1 | **6** | |
| reveals 6:22 | | White 2:22 | 609-586-2257 3:17 | |
| review 4:15 | **T** | WILLIAM 1:9 | | |
| RODNEY 3:9 | T 11:1,1 | witness 7:13 | | |
| ROSELLI 3:14 3:15 | take 5:25 8:24 | written 4:17 | **8** | |
| | taken 2:5 11:7 | | 856-232-3337 3:6,11 | |
| Rule 4:16 | term 5:15 | **X** | | |
| | terms 5:8 7:23 | XI0857 11:21 | 856-232-4561 3:6,11 | |
| **S** | testified 7:9,14 | | | |