NOT FOR PUBLICATION                                                                                                (Doc. No. 8)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| In re: BAYSIDE PRISON LITIGATION | : | |
| | : | |
| MICHAEL WASHINGTON, | : | |
| Plaintiff, | : | Civil No. 97-5127 (RBK) |
| | : | 08-2571 (RBK) |
| v. | : | |
| | : | **OPINION** |
| WILLIAM H. FAUVER, et al., | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge:

      This matter arises out of alleged prisoner abuse at the Bayside State Prison during the "lockdown" period following the murder of a prison official in 1997. Presently before the Court is Plaintiff Michael Washington's motion to modify the Opinion/Report ("Opinion") of the Special Master,[1] the Hon. John W. Bissell, which barred Plaintiff's claim of excessive force because Plaintiff failed to exhaust the administrative remedies available to him. Plaintiff argues that material issues of fact exist as to whether he did exhaust his available administrative remedies and cites a recent case from the Court of Appeals for the Third Circuit as controlling.

---

[1] Plaintiff refers to his brief as a "Brief in Support of Objection to the Opinion of the Special Master." The Court, however, will treat Plaintiff's "objection" as a motion to modify the Opinion/Report of the Special Master.

Defendants, a collection of prison personnel, argue that the Third Circuit case cited by Plaintiff is distinguishable, rendering the issues of fact presented in that case inapplicable to the case at bar. For the following reasons, Plaintiff's motion is denied.

I.   BACKGROUND

In July 1997, an inmate murdered a corrections officer at Bayside State Prison. The murder was followed by a "lockdown" of the prison, wherein the Department of Corrections ordered the Special Operations Group ("SOG") to assist the regular staff. The SOG was comprised of corrections officers from other state facilities who were specially trained. Many of the inmates alleged that during the approximately thirty-day lockdown, the Bayside corrections officers and SOG officers used excessive force in the course of prison operations. Plaintiff Michael Washington was one of those inmates.

Plaintiff was housed at Bayside during July and August of 1997, after which he was housed at East Jersey State Prison. Plaintiff alleges that during the lockdown period at Bayside, he was kicked in the back and injured by members of the SOG. Plaintiff reported the cause of his injuries to infirmary personnel. However, Plaintiff did not submit an administrative remedy form ("ARF")—the standard vehicle for prisoner complaints—or otherwise inform administrators at either Bayside or East Jersey about the incident. Plaintiff claims the reason he did not submit an ARF, despite being familiar with the administrative remedy process, is that he feared retribution from prison officials. Instead, Plaintiff filed a claim for use of excessive force in violation of his civil rights, pursuant to 42 U.S.C. § 1983, even though the Prison Litigation

Reform Act of 1996 ("PLRA") requires plaintiffs to exhaust all available administrative remedies before bringing their complaints to federal court.[2]  Plaintiff's excessive force claim is the subject of the instant matter.

Because of the sheer volume of claims arising from the lockdown period at Bayside, most of the individual proceedings, including Plaintiff's, have been conducted before Special Master Bissell pursuant to an agreement ("the Agreement") of the parties under Federal Rule of Civil Procedure 53.  See Civ. No. 08-2571, Doc. No. 2.  On October 28, 2008, Special Master Bissell found, by way of an opinion delivered at a hearing, see Special Master Op., Doc. No. 3, that Plaintiff's claim was barred because Plaintiff failed to exhaust his administrative remedies, as required by the PLRA.  Special Master Op. 4:19-22.  However, Special Master Bissell also found that Plaintiff would have prevailed with his claim had he not failed to exhaust his administrative remedies.  Special Master Op. 4:23-5:17.

Further, Special Master Bissell found that Plaintiff's assertion that he did not adhere to the administrative remedy process because he feared retribution from administrators was without merit.  Special Master Op. 6:19-21.  Special Master Bissell acknowledged that "direct instigation or threats by prison authorities" could render an administrative remedy unavailable.  Special Master Op. 6:7-16.  However, Special Master Bissell found that Plaintiff's argument that he was afraid was "pretty much gutted" by the fact that he informed infirmary personnel about the cause of his injuries.  Special Master Op. 6:19-7:3.

---

[2] Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under [§1983] or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The PLRA's exhaustion requirement applies to inmate suits involving excessive force.  Porter v. Nussle, 534 U.S. 516, 532 (2002).

Moreover, Special Master Bissell found that while Plaintiff was housed at East Jersey, Plaintiff "was in a position to pursue and file administrative remedy forms" that would have addressed the alleged injury at Bayside.  Special Master Op. 7:8-12.  Special Master Bissell noted that although the prisoner handbook for East Jersey did not explicitly state that an ARF could be filed regarding a grievance at another institution, that handbook did not preclude it either.  Special Master Op. 7:22-8:8.  In fact, the parties themselves stipulated that an ARF filed at East Jersey regarding an incident at Bayside would have been relayed to authorities, who could have then investigated the incident.  Special Master Op. 7:12-21.

Plaintiff now objects to the Opinion of the Special Master, claiming the report should be rejected because material issues of fact exist.  Pl.'s Br. 2.  Specifically, Plaintiff claims, in light of recent Third Circuit caselaw, that there is an issue as to whether Plaintiff exhausted his remedies when he told infirmary personnel at Bayside about the cause of his injuries.  Id.  Further, Plaintiff claims there is a material issue of fact as to whether an administrative remedy for the offense at Bayside was available to him while housed at East Jersey.  Id.

## II.  DISCUSSION

Under the Agreement, all findings of fact by the Special Master are binding.  Civ. No. 08-2571, Doc. No. 2, Ex. B, at ¶ 4.  Also, pursuant to Fed. R. Civ. P. 53(f)(4), all conclusions of law may be reviewed de novo by this Court.  Id.  Moreover, both parties are bound by and guided by evidentiary and legal rulings entered in prior In re Bayside litigation.  Id. at ¶ 5.  Both parties agreed to the terms of the Agreement.

The question before the Court is whether Baez v. Fauver, 351 Fed. Appx. 679 (3d Cir. 2009), a Third Circuit case arising out of the same Bayside lockdown period and decided after

4

Special Master Bissell's Opinion in the instant matter, presents grounds on which to object to the Special Master's Opinion. Plaintiff argues it does. The Court, however, disagrees.

In Baez, the Third Circuit vacated this Court's grant of summary judgment in favor of the defendants and against the plaintiff, Baez, a prisoner at Bayside who claimed he was assaulted during the lockdown. Baez, 351 Fed. Appx. at 681. Although the Bayside regulations required a prisoner to file an ARF for such complaints, Baez lodged his complaint in a letter that he hand-delivered to Bayside's Internal Affairs Department. Id. Bayside, after reviewing his letter, found his claim to be without merit. Id. Baez did not file an ARF while at Bayside or at any subsequent prison at which he was housed. Id. Thus, this Court found that by not filing an ARF, Baez failed to exhaust his administrative remedies, and, pursuant to the PLRA, this Court granted summary judgment in favor of the defendants.[3] Id. at 681.

The Third Circuit, however, found that summary judgment was inappropriate because certain evidence that this Court found unpersuasive gave rise to genuine issues of material fact. Id. at 682. Specifically, the Third Circuit considered testimony of a Bayside official that in 1999, Bayside instituted a policy whereby Bayside staff would convert "all" inmate complaints pertaining to the lockdown—"whatever their form and whenever sent"—into ARFs. Id. at 681. That official also testified that the ARFs executed by Bayside staff were then forwarded to the Special Investigations Division to be adjudicated in a timely manner. Id.

---

[3] Summary judgment is appropriate where the Court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986). A genuine issue of material fact exists only if the evidence is such that a reasonable jury could find for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). When the Court weighs the evidence presented by the parties, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. at 255.

Given this testimony, the Third Circuit found several issues of material fact, including "whether Bayside began accepting letter complaints in lieu of ARFs" and "whether Baez's letter to Internal Affairs was, in fact, converted to an ARF, forwarded to the Special Investigations division, and adjudicated by Bayside in a timely manner." Id. at 682.  Given these and other material issues of fact, the Third Circuit vacated this Court's grant of summary judgment. Id. at 683-84.

At the outset, the Court acknowledges an important procedural distinction between the Baez case and Plaintiff's complaint.  Baez reached the Third Circuit after this Court granted summary judgment because it found no genuine issue of material fact.  By contrast, Plaintiff's claim was submitted to Special Master Bissell, whose factual findings, by the terms of the Agreement, bind Plaintiff and this Court.  That distinction, however, is not Plaintiff's biggest obstacle, as the holding in Baez is simply inapplicable to the case at bar.

Plaintiff argues Baez should be extended beyond its facts to include the instant matter. Pl.'s Br. 2.  Although Plaintiff's exact argument is unclear, Plaintiff appears to point to two potential issues.  Id.  First, Plaintiff appears to claim that his informing infirmary personnel about the cause of his injuries could somehow be construed, in light of Baez, as adhering to the administrative remedy process.  Id.  This, however, would stretch Baez too far.

In Baez, the plaintiff hand-delivered a letter to the Internal Affairs Department at Bayside, which, pursuant to Bayside policy, could have been converted to an ARF.  Baez, 351 Fed. Appx. at 681-82.  In the instant matter, Plaintiff told infirmary personnel how he was injured, but there is no evidence that Bayside has ever had a policy for treating such interactions as adhering to administrative remedy procedures.  Although the Third Circuit found that a

written complaint in "whatever form and whenever sent," Baez, 351 Fed. Appx. at 681, could have been converted into an ARF, the binding factual record of Special Master Bissell provides for no such possibility.  Plaintiff did not "send" anything to prison officials.  He merely told infirmary personnel how he was injured, and there is nothing in the Baez opinion that would lead the Court to equate oral statements made to infirmary personnel with letters delivered to prison officials.

Plaintiff's second argument is similarly obtuse.  Plaintiff appears to claim that there is a question with regard to the availability of an administrative remedy while he was housed at East Jersey.  Pl.'s Br. 2.  However, Plaintiff does not point to, nor is the Court aware of, any reason why there would be such a question.  In fact, although Special Master Bissell acknowledged that the East Jersey prisoner handbook does not explicitly provide for the filing of grievances based on incidents at other facilities, the parties stipulated that such grievances could be filed and that those grievances would be investigated properly.  Moreover, Plaintiff was familiar with the administrative remedy procedures, and he could have filed an ARF at East Jersey, but he did not.  In light of these facts, the Court finds Special Master Bissell's legal finding—i.e., that there was an administrative remedy available to Plaintiff while housed at East Jersey that would have remedied his injury at Bayside—completely appropriate.  Therefore, Plaintiff failed to exhaust the administrative remedies available to him, as contemplated by the PLRA.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff's motion to modify the Opinion/Report of the Special Master is **DENIED**.  An accompanying order shall issue today.

Dated: 2/3/2012                              /s/ Robert B. Kugler
                                             ROBERT B. KUGLER
                                             United States District Judge